**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERROL B. MOTT,

      Plaintiff,

v.                                                                  Case No. 8:24-cv-2616-JLB-SPF

RICKY DIXON, *et al.*,

      Defendants.

_____/

## ORDER

The case is before the Court on Defendants' motion to dismiss.  (Doc. 19).  The Florida Department of Corrections ("FDOC") implemented a "grooming rule" that requires all inmates to be either clean-shaven or to grow and maintain a half-inch beard.  *See* Fla. Admin. Code r. 33-602.101.  Plaintiff Errol B. Mott, an FDOC inmate, filed this action to challenge the FDOC's refusal to allow him to grow a fist-length beard, which he alleges is for religious reasons.  (Doc. 1).  Mr. Mott claims that the FDOC's refusal violates his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and the First Amendment to the United States Constitution.  (*Id.* at 3–4).  Prior to the undersigned's assignment to this matter, the Court granted Mr. Mott's motion for appointment of counsel and appointed Jeffery Bristol, Esq.  (Docs. 18, 20).

1

Defendants moved to dismiss Mr. Mott's complaint. (Doc. 19). Mr. Mott responded to the motion (Doc. 24), and Defendants replied. (Doc. 32). After careful review, the Court **GRANTS, IN PART**, Defendants' motion to dismiss. (Doc. 19). Mr. Mott's claim for compensatory and punitive damages, and claims against Defendants Bowden, Welch, and Williams—FDOC employees—are **DISMISSED**. The motion to dismiss is otherwise **DENIED**. This action will proceed solely on Mr. Mott's claim for injunctive relief under the First Amendment and the RLUIPA against Defendant Dixon in his official capacity.

## I. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Court "may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## II. Discussion

### A. Exhaustion of Administrative Remedies

Defendants contend that this action should be dismissed because Mr. Mott failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Doc. 19 at 4–11). The PLRA states as follows in relevant part, "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a section 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quotation omitted). The Eleventh Circuit has explained that the question of exhaustion under the PLRA [is] a "threshold matter" that the courts must address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Put simply, because the PLRA mandates exhaustion, the Court has no discretion to waive it. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998). State law "determines what steps are required to exhaust." *Dimanche v. Brown*, 783 F.3d 1204, 1207 (11th Cir. 2015); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries

3

of proper exhaustion").

The FDOC provides an internal grievance procedure for its inmates. See Fla. Admin. Code r. 33-103.001 to 33-103.018. Defendants do not dispute that Mr. Mott exhausted the FDOC's grievance procedure, at least to the extent that Mr. Mott completed the FDOC's three-step grievance process. (Doc. 19 at 6). Rather, they contend that "Mr. Mott's challenge to FDC's grooming policy is ultimately a request that the FDC repeal or amend its rules . . .", and therefore, they contend, Mr. Mott was required by Fla. Admin. Code r. 33-103.001(6) to submit a petition to initiate rulemaking to exhaust his administrative remedies. (*Id*. at 7–9). The Court disagrees.

Fla. Admin. Code r. 33-103.001(6) states:

> If an inmate is requesting that the Department adopt, amend, or repeal a rule, the inmate must file a Petition to Initiate Rulemaking in addition to utilizing the grievance process in Chapter 33-103, F.A.C. The requirements for filing a Petition to Initiate Rulemaking can be found in s. 120.54(7), F.S.

In his grievances, Mr. Mott never requested that the FDOC "adopt, amend, or repeal" its grooming rule. (Doc. 1 at 12–17). Rather, he requested an "exemption" from the grooming rule on religious grounds. (*Id*. at 13). Thus, Mr. Mott was not required to file a petition to initiate rulemaking to exhaust his administrative remedies.

Other courts that have considered this issue have found that an inmate's request for an exemption to the FDOC's grooming rule was not a

4

request to amend or repeal the rule, and therefore, the inmate was not required to file a petition to initiate rulemaking before seeking judicial remedies. *See Evans v. Dixon*, 2024 WL 4504157, at \*3 (M.D. Fla. Oct. 16, 2024) ("Mr. Evans does not seek to amend or repeal the FDOC's grooming policy. Rather, he requests 'a religious exemption from the [ ] grooming policy [that would] permit [him] to grow a free-flowing beard.' . . . Because Mr. Evans is not seeking to amend or repeal the grooming policy, he was not required to file a petition to initiate rulemaking.") (alterations in original); *Denson v. Dixon*, 2023 WL 5200482, at \*6 (M.D. Fla. Aug. 14, 2023) ("Shabazz is not seeking to alter an FDOC rule. The [complaint] makes clear that Shabazz seeks an exemption from—not a change of—the grooming policy.").

It is Defendants' burden to establish that Mr. Mott failed to exhaust his administrative remedies before filing his complaint in this case. *See Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018) ("The burden . . . is on the defendant to show that the plaintiff has not exhausted properly his administrative remedies."). They have failed to meet this burden. Accordingly, Defendants' request to dismiss this action for Mr. Mott's failure to exhaust administrative remedies is denied.

## B. First Amendment Claim

Defendants argue that Mr. Mott's complaint fails to state a claim for a First Amendment violation. (Doc. 19 at 11–14). When imposing a

5

substantial burden on a prisoner's practice of his religion, a state actor violates a prisoner's First Amendment rights under the Free Exercise Clause.[1] *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1549 (11th Cir. 1993). "To plead a valid free exercise claim, [a plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (quoting *Frazee v. Ill. Dep't of Employment Sec.*, 489 U.S. 829, 834 (1989)). A prison regulation burdening free exercise rights is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In making that determination, the Court asks "(1) whether there is a valid, rational connection between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to [Mr. Mott]; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an exaggerated response to prison concerns." *Hakim v. Hicks*, 223 F.3d 1244, 1247–48 (11th Cir. 2000).

---

[1] "[T]he First Amendment's mandate that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof' has been made wholly applicable to the States by the Fourteenth Amendment." *Sch. Dist. of Abington Twp., Pa. v. Schempp,* 374 U.S. 203, 215 (1963).

Mr. Mott alleges that he "converted to Islam," which requires him to "grow a fist-length beard and trim his mustache." (Doc. 1 at 4). He alleges that failure to comply with this requirement is "a punishable sin." (*Id*.).

On June 3, 2024, Officer Hicks ordered Mr. Mott to shave his beard in accordance with the Department's rule that allows a beard no longer than "a half inch." (*Id*. at 4, 12). Assuming these well-pleaded facts as true, which the Court must when evaluating whether a complaint survives a motion to dismiss, these allegations are sufficient to plead that Defendants impermissibly burdened one of Mr. Mott's sincerely held religious beliefs. And at this early stage of the proceedings, the Court "cannot evaluate whether the alleged restrictions on [Mr. Mott's] religious practice were reasonable in light of the four *Turner* factors." *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014). For example, the Court cannot evaluate whether the policy allowing only a half-inch beard "represents an exaggerated response to prison concerns." *See, e.g., Sims v. Inch*, 400 F. Supp. 3d 1272, 1277 (N.D. Fla. 2019) ("Contraband has sometimes been hidden in a beard, but the [FDOC] has exaggerated the risk."). Accordingly, the Court declines to dismiss the First Amendment claim.

## C. Request for Compensatory and Punitive Damages

Defendants assert that Mr. Mott's request for compensatory and punitive damages fails. (Doc. 19 at 14–16). The Court agrees.

7

Mr. Mott sues Defendants solely in their official capacities. (Doc. 1 at 2-3). Official-capacity claims are "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, Mr. Mott's official-capacity claims against Defendants—employed by the FDOC—are essentially claims against the FDOC. That said, the Eleventh Amendment generally bars suits for damages by an individual against a state, its agencies, and its employees, unless Congress has abrogated the state's sovereign immunity, or the state has consented to suit. *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022). Florida has not consented to be sued under section 1983, and Congress has not abrogated a state's immunity for a section 1983 violation. G*amble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) ("Florida has not waived its Eleventh Amendment immunity [in federal civil rights actions.]"); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) ("Congress has not abrogated eleventh amendment immunity in section 1983 cases."). Because the FDOC is entitled to Eleventh Amendment immunity, Mr. Mott's official-capacity claims for damages are dismissed. *See Leonard v. Fla. Dep't of Corr.*, 232 F. App'x 892, 894 (11th Cir. 2007) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment." (citing *Stevens v. Gay*, 864 F.2d 113, 115

(11th Cir. 1989))).[2]

### D. Claims against Defendants Bowden, Welch, and Williams in their official capacities

Defendants argue that the claims against Defendants Bowden, Welch, and Williams should be dismissed because the claims are duplicative of the claims against Defendant Dixon. (Doc. 19 at 16–17). As discussed above, Mr. Mott sues Defendants in their official capacities, and a lawsuit against state officials in their official capacities is essentially against the entity they represent. Thus, Mr. Mott actually seeks relief from the FDOC, which Secretary Dixon represents. Therefore, the official-capacity claims against Defendants Bowden, Welch, and Williams are duplicative of the official-capacity claim against Secretary Dixon and will be dismissed. *See, e.g., Heywood v. Dixon*, 2024 WL 3676386 (N.D. Fla. Aug. 2, 2024) (dismissing official-capacity claims against two defendants as duplicative of official-capacity claims against another defendant when all three defendants were agents of the Florida Department of Corrections) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)).

Defendants Bowden, Welch, and Williams also argue that the claims

---

[2] Moreover, assuming all facts as true and liberally construing Mr. Mott's (then) *pro se* complaint, Mr. Mott has neglected to plead a cause of action to obtain compensatory damages. *See Thompson v. Smith*, 805 F. App'x 893, 900-01 (11th Cir. 2020) (noting that under 42 U.S.C. § 1997e(e), a prisoner must prove he suffered a more than *de minimis* physical injury to recover compensatory damages) (citation omitted).

against them should be dismissed because their sole involvement was reviewing and denying Mr. Mott's administrative grievances.  (*Id.*).   The Court agrees.

To the extent Mr. Mott seeks to hold these defendants liable merely because he or she denied his grievances, he does not state a claim for two reasons.  First, Mr. Mott has no stand-alone constitutional right to a grievance procedure.  *See Thomas v. Warner*, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").  And second, a defendant's denial of a grievance, standing alone, does not establish personal participation or causation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.") (cited with approval in *Coleman v. Bowden*, 797 F. App'x 422, 427 (11th Cir. 2019)); *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013) (affirming dismissal of a plaintiff's claims that were based solely on the defendants' denial of his grievance appeal because the complaint did "not suggest that [the defendants] had knowledge of a risk of serious harm or disregarded that risk when they denied his appeal").  Thus, Mr. Mott must do more than complain that a defendant denied his grievance before attributing liability to

10

that defendant.

Lastly, the Court notes that its ruling is based on the allegations in the operative complaint viewed in the light most favorable to Mr. Mott.  In other words, it is early in the proceedings.  As in all cases, much could change once the record develops.

Accordingly, it is **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 19) is **GRANTED, IN PART**. Mr. Mott's claims: a) against Defendants Bowden, Welch, and Williams; and b) for compensatory and punitive damages are dismissed.  The Motion to Dismiss is otherwise **DENIED**.  This action will proceed solely on Mr. Mott's claim for injunctive relief under the First Amendment and RLUIPA against Secretary Dixon in his official capacity.

2. Secretary Dixon shall answer or otherwise respond to Mr. Mott's complaint (Doc. 1) within twenty-one (21) days.

**DONE and ORDERED** in Tampa, Florida, on March 12, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

11